IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

GLORIA KEALY,

Defendant.

CRIMINAL FILE NO.

1:14-CR-383-TWT

**ORDER**

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 112] of the Magistrate Judge recommending denying the Defendant's Motion to Vacate Sentence [Doc. 78 & 98]. The Defendant contends that her trial counsel was constitutionally ineffective for failing to advise her of the immigration consequences of her guilty plea. As set forth in the thorough and well-reasoned Report and Recommendation, because the Defendant continues to maintain that she is a United States citizen, the "deportation consequences" of the guilty plea were not "truly clear." It is truly clear that the Defendant has led a life of lies, deceit and deception, and that she has no credibility whatsoever when it comes to issues such as the circumstances of her birth, identity, and nationality.

In addition to the reasons given by the Magistrate Judge, the Defendant's claim for ineffective assistance of counsel must fail because she cannot demonstrate prejudice.  In response to <u>Padilla v. Kentucky</u>, 559 U. S. 356 (2010), Rule 11 of the Federal Rules of Criminal Procedure was amended to require the trial court to advise a defendant pleading guilty "that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future." Fed. R. Crim. P. 11(b)(O). The Committee Note to the 2013 Amendment states:

> The amendment mandates a generic warning, not specific advice concerning the defendant's individual situation. Judges in many districts already include a warning about immigration consequences in the plea colloquy, and the amendment adopts this practice as good policy. The Committee concluded that the most effective and efficient method of conveying this information is to provide it to every defendant, without attempting to determine the defendant's citizenship.

The decision to require a generic warning reflects the reality of actual practice where criminal defense lawyers and federal district judges almost never know what is "truly clear" about the immigration consequences of a guilty plea. <u>See, e.g.</u>, <u>Hernandez v. United States</u>, 778 F. 3d 1230 (11th Cir. 2015).[1]  This case is a prime example of that reality.

---

[1]   By the way, after the Eleventh Circuit reversed me in this case, the Defendant withdrew his Section 2255 motion when the government decided to release him and not deport him to Cuba.

The Federal Rules have the effect of law. *Wright & Miller* § 1030; <u>Watson v. Shell Oil Co.</u>, 979 F.2d 1014, 1020 (5th Cir. 1992), <u>on reh'g</u>, 53 F.3d 663 (5th Cir. 1994) ("[A]ll ... the federal rules have the force of law."). "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C.§ 2072. In the plea colloquy, I personally advised the Defendant in the exact language from Rule 11(b) that her guilty plea could have consequences upon her immigration status. This should preclude any claim of prejudice from ineffective assistance of counsel under <u>Padilla</u>. If it does not, it is just a waste of everybody's time and serves no purpose. Therefore, her Motion to Vacate Sentence is DENIED on this additional alternative ground. Otherwise, the Court approves and adopts the Report and Recommendation as the judgment of the Court. The Motion to Vacate Sentence [Doc. 78 & 98] is DENIED.

I recognize that there is a circuit split on whether the plea colloquy overcomes any claim of prejudice for ineffective assistance of counsel. <u>Compare</u> <u>United States v. Fazio</u>, 795 F.3d 421 (3d Cir. 2015) and <u>United States v. Batamula</u>, 788 F.3d 166 (5th Cir. 2015), <u>rehearing en banc granted</u>, 805 F.3d 611 (5th Cir. 2015). The Defendant is represented here by competent counsel. Therefore, I grant her a Certificate of Appealability on the issue of whether the plea agreement and the Rule 11 colloquy preclude her from claiming ineffective assistance of counsel.

SO ORDERED, this 4 day of April, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge